MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

     - v. -                             VERIFIED COMPLAINT
                                        08 Civ.
LLOYD KEYES,

                Defendant.
------------------------------------------------------x

       Plaintiff United States of America (the "United States"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief that:

       1.     Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

       2.     Defendant, Lloyd Keyes (the "defendant") resides at 47 Kennedy Drive, West Haverstraw, New York 10993, within the Southern District of New York.

### FIRST CAUSE OF ACTION

       3.     Defendant applied for and received student loans from the lender whose name is set out in the defendant's promissory notes evidencing the loans, copies of which are annexed hereto as Exhibit A and incorporated herein (the "notes").

       4.     Defendant defaulted on the notes and owes the amount the notes and interest.

5. The United States is the assignee and present holder of the notes.

6. The amount due and owing plaintiff by defendant on the notes is $15,793.77, plus interest in the amount of $12,414.97, as of June 12, 2008 (with interest accruing thereafter at the rate of 8.02 percent per annum on the principal balance of $11,122.43, and at the rate of 8.20 percent per annum on the principal balance of $4,671.16). Certificates of Indebtedness from the United States Department of Education are annexed hereto as Exhibit B and incorporated herein.

## SECOND CAUSE OF ACTION

7. Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

8. Plaintiff insured the notes pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

9. The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on the notes, which claim has been paid by the United States to the lender.

10. Plaintiff is entitled to be indemnified by defendant in the amount of $28,208.74 as of June 12, 2008 (with interest accruing thereafter at the rate of 8.02 percent per annum on the principal of $11,122.43, and at the rate of 8.20 percent per annum on the principal balance of $4,671.34).

WHEREFORE, plaintiff demands judgment against defendant in the amount of $28,558.74 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated: New York, New York

June 17, 2008

                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the Plaintiff

By: _____
      KATHLEEN A. ZEBROWSKI
      Assistant United States Attorney
      86 Chambers Street
      New York, New York 10007
      Telephone No.: (212) 637-2710

VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          : ss.:
SOUTHERN DISTRICT OF NEW YORK )

KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, that she has read the foregoing complaint, and that the same is true and accurate to the best of her knowledge and belief.

_____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

Sworn to before me this 17th day of June, 2008

_____
NOTARY PUBLIC

KATHY TAYLOR
Notary Public, State of New York
No. 01TA5077230
Qualified in Kings County
Commission Expires May 5, 2011

EXHIBIT A



# William D. Ford Federal Direct Loan Program
Federal Direct Consolidation Loan

OMB No. 1840-0693
Form Approved
Exp. Date 6/30/96

### Authorization to Release Information

**Borrower Instructions:** In order for the loan holder(s) you have identified in Section D of your Application and Promissory Note to release information about your education loan(s), you need to sign the release below. This release is required to allow consolidation of your education loan(s). Failure to sign the release will prevent the processing of your application. Include the release with your completed Application and Promissory Note when you submit it to the Direct Loan Servicing Center.

**To My Holders/Servicers:**

I hereby authorize you to release to the U.S. Department of Education or its agent any information required to consolidate my education loan(s) pursuant to the Higher Education Act of 1965, as amended. A copy of this authorization may be deemed an original.

Your prompt reply and cooperation will help to expedite my Federal Direct Consolidation Loan. Thank you.

_Lloyd Melvin Keyes_
Borrower's Name Printed

_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_
Social Security Number

_Lloyd M. Keyes_
Signature of Borrower

_5/29/96_
Date

_____
Spouse's Name Printed
(only if Section B is completed on Application and Promissory Note)

_____
Social Security Number

_____
Signature of Spouse
(only if Section B is completed on Application and Promissory Note)

_____
Date

IMAGE-RECORDS
JUN 0 5 1996
100

REPAYMENT PLAN SELECTION

Borrower:  
LLOYD KEYES  70 Bridge Street Apt. B  
~~32 CLINTON ST~~  
~~HAVERSTRAW, NY 10927~~ Garnerville N.Y. 10923

SSN: 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  
Family Size: 1  
Adjusted Gross Income: $0

| ICR | ICR Limited | Standard | Extended | Graduated |
|-----|-------------|----------|----------|-----------|
|     |             |          | X        |           |

IMAGE-RECORDS  
JUN 0 5 1996

100



# William D. Ford Federal Direct Loan Program
## Federal Direct Consolidation Loan

OMB No. 1840-0693
Form Approved
Exp. Date 6/30/96

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form shall be subject to penalties which may include fines, imprisonment or both, under the U.S. Criminal Code and 20 U.S.C. 1097.

### Application and Promissory Note

### Section A: Borrower Information

1. Last Name: Keyes
First Name: Lloyd
Middle Initial: M
2. Social Security Number: 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
3. Permanent Street Address: 70 Bridge Street Apt. B
4. Former Name:
5. Home Area Code/Telephone Number: (914) 429-9000
City: Garnerville
State: N.Y.
Zip Code: 10923
6. Driver's License Number: N.Y. 963 032 352
7. Date of Birth: 2-2-73
8. Employer's Name: SUNY Albany
Employer's Address: 1400 Washington Ave Albany N.Y. 12222
Employer's Area Code/Telephone Number: (518) 442-3300
City: Albany
State: N.Y.
Zip Code: 12222
9. Does your spouse have "eligible" loans that you want to consolidate with your loans? ☐ Yes ☒ No

### Section B: Spouse Information
*(blank)*

### Section C: Reference Information

16. References:
1. Name: Kevin Alicea
   Permanent Address: 9 Hobbs Ct.
   City, State, Zip Code: Pomona N.Y. 10970
   Area Code/Telephone Number: 914 362-0489

2. Name: Craig Phillips
   Permanent Address: 15 Cooper Drive
   City, State, Zip Code: Nanuet N.Y. 10954
   Area Code/Telephone Number: (914) 627-7518

### Section D: Education Loan Indebtedness

| 17. Loan Type | 18. Holder/Servicer's Name, Address, and Area Code/Telephone Number | 19. B/S/J | 20. In-School Period Yes/No | 21. Account Number | 22. Current Balance | 23. To Be Consolidated Yes/No |
|---|---|---|---|---|---|---|
| Stafford (A) | First Federal / 1 First Federal Plaza / P 7-11 Rochester N.Y. 14614 / (1-800) 527-2141 | B | X (No) | 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-4 07 0001 | 3445.00 | Y |
| Stafford (A) | 1 First Federal Plaza / P 7-11 Rochester N.Y. 14614 / (1-800) 527-2141 | B | X (No) | 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-4 07 0002 | 2778.47 | Y |
| Stafford (A) | 1 First Federal Plaza / P 7-11 Rochester N.Y. 14614 / (1-800) 527-2141 | B | X (No) | 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-4 07 0003 | 3579.00 | Y |

### Section E: Promissory Note (Continued on reverse side)

**Promise to Pay:**

I promise to pay to the U.S. Department of Education (ED) all sums (hereafter "loan" or "loans") disbursed under the terms of this Promissory Note to discharge my prior loan obligations, plus interest and other fees that may become due as provided in this Promissory Note. If I fail to make payments on this Promissory Note when due, I will also pay collection costs including attorney's fees and court costs. If ED accepts this application, it is my understanding that ED will on my behalf send funds to the holder(s) who currently holds the loan(s) selected for consolidation in order to pay off this loan(s). I further understand that the amount of this loan will equal the sum of the amounts that the holders of the loans selected for consolidation verify are the payoff balances on those loans. My signature on this Promissory Note will serve as my authorization to pay off the balance(s) of the loan(s) selected for consolidation as provided by the holder(s) of such loan(s). This amount may be more or less than the estimated total balance I have indicated above. If the verified total balance on the loan(s) to be consolidated exceeds my estimate by $1,000 or more, ED will notify me before originating my loan.

I understand that this is a Promissory Note. I will not sign this Promissory Note before reading it, including the text on the reverse side, even if I am advised not to read the Promissory Note. I am entitled to an exact copy of this Promissory Note and a statement of the Borrower's Rights and Responsibilities. My signature certifies that I have read, understand, and agree, to the terms and conditions of this Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities.

If applying for a loan with my spouse, we agree to the same terms and conditions contained in the Borrower Certification and Authorization. In addition, we confirm that we are legally married to each other and understand and agree that we are and will continue to be held jointly and severally liable for the entire amount of the debt represented by the Federal Direct Consolidation Loan (Direct Consolidation Loan) without regard to the amounts of our individual obligations that are consolidated and without regard to any change that may occur in our marital status. We understand that this means that one of us may be required to pay the entire amount due if the other is unable or refuses to pay. We understand that the Federal Direct Consolidation Loan we are applying for will be cancelled only if both of us qualify for cancellation. We understand that we may postpone repayment of the loan only if we provide ED with a written request that confirms Federal Direct Consolidation Loan Program deferment or forbearance eligibility for both of us.

**I UNDERSTAND THAT THIS IS A FEDERAL LOAN THAT I MUST REPAY.**

24. Signature of Borrower: *Lloyd Melvin Keyes*    Date: 5/24/96
25. Signature of Spouse (only if Section B is completed):    Date:

### U.S. Department of Education Use Only

| Loan Identification Number #1 | Loan Identification Number #2 | Loan Identification Number #3 |
|---|---|---|
| | | |



# William D. Ford Federal Direct Loan Program
## Federal Direct Consolidation Loan

OMB No. 1840-0693
Form Approved
Exp. Date 6/30/96

**Application and Promissory Note
Supplemental Loan Listing Sheet**

**Borrower Instructions:** This form provides the borrower (and/or spouse) with space to list additional loans to be included in his or her Federal Direct Consolidation Loan (Direct Consolidation Loan) or considered in establishing the repayment terms of the Direct Consolidation Loan. Follow the instructions for Completing the Application and Promissory Note. Print neatly in blue or black ink or type. Return this form to the Direct Loan Servicing Center with your Application and Promissory Note.

### Section A: Borrower Information

Borrower's Name: Lloyd Melvin Keyes

Social Security Number: 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

### Section B: Spouse Information
*(Do not complete unless Section B on Application and Promissory Note is completed.)*

Spouse's Name:

Social Security Number:

### Section D: Education Loan Indebtedness (Continued)
*See instructions for Application and Promissory Note before completing this section.*

| 17. Loan Type | 18. Holder/Servicer's Name, Address, and Area Code/Telephone Number | 19. B = Borrower S = Spouse J = Joint | 20. In-School Period Yes / No | 21. Account Number | 22. Current Balance | 23. To Be Consolidated Yes / No |
|---|---|---|---|---|---|---|
| SLS H | US Dept of Education P.O. Box 8422 Chicago Illinois 60680-8422 (800) 621-3115 | B | X | 10058-3368 | 5,542.88 | Y |
| | ( ) | | | | | |
| | ( ) | | | | | |
| | ( ) | | | | | |
| | ( ) | | | | | |
| | ( ) | | | | | |
| | ( ) | | | | | |

IMAGE-RECORDS
JUN 0 5 1996
100

# SLS Loan Application & Promissory Note

**WARNING:** ANY PERSON WHO KNOWINGLY MAKES A FALSE REPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND U.S.C. 1097

## SECTION I: Supplemental Loan application (to be completed by the Borrower)
*Type or Print clearly in ink!*

1. **SOCIAL SECURITY NUMBER**: 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
2. **LAST NAME, FIRST NAME, MIDDLE INITIAL**: Keyes, Lloyd M.
3. **BIRTHDATE (Mo/Day/Yr)**: 2/2/73
4. **PERMANENT HOME ADDRESS**: 9 Cottage Place, Nanuet N.Y. 10954
5. **PERMANENT HOME AREA CODE/PHONE NUMBER**: (914) 623-8746
6. **DRIVER'S LICENSE**: K05907 02632 28306 73 N.Y.
7. **LENDER PREFERENCE**: ☒ Undecided — Name: TCB
8. **MAJOR FIELD OF STUDY**: 33
9. **PERIOD YOU WANT THIS LOAN TO COVER**: Fr Oct 91 To May 92
10. **IF YOU QUALIFY, DO YOU WISH TO DEFER PRINCIPAL PAYMENTS?**: ☒ YES
11. **DURING DEFERMENT**: ☒ FULL-TIME
12. **DO YOU OWE ANY AMOUNT...**: ☒ NO

*(stamped: TEXAS COMMERCE BANK  OCT 31 1991)*

13. **REFERENCES**:
   - Name: Debby Keyes; 9 Cottage Place; Nanuet N.Y. 10954; (914) 623-8746; Relationship: Guardian; Employer: Social Worker Rockland
   - Name: Aida S. Cardona; UMBC Chesapeake Rm 108; Baltimore, Maryland 21228; (301) 455-1808; Relationship: Girlfriend; Employer: Student
   - Name: Mark Davis; 55 Westlyn Drive; Nanuet N.Y. 10954; (914) 623-4881; Relationship: Best Friend; Employer: not employed

## SECTION II: Promissory Note (to be read and completed by the Borrower)

**PROMISE TO PAY:** I, the borrower, promise to pay you, the lender or any subsequent holder, the entire loan amount I request, to the extent it is advanced to me, including the Guarantee Fee, and interest on the unpaid principal balance plus any other charges which may become due, subject to the terms and conditions of this loan which are disclosed in this packet and on my Disclosure Statement. I understand that this is a Promissory Note; that I should sign this Promissory Note only after reading all of the information disclosed on the back of it and in the rest of this packet, even if I am otherwise advised; that I am entitled to keep an exact copy of this Application and Promissory Note completed through Section II; and that I am entitled to receive and keep an exact copy of the Disclosure Statement to be issued on this loan. *Terms of Note continue on reverse of this page.*

14. **LOAN AMOUNT I REQUEST**: $4000
15. **SIGNATURE OF BORROWER**: X Lloyd M. Keyes
16. **DATE SIGNED**: 10/28/91

## SECTION III: School Certification (to be completed by the Financial Aid Office)

17. **NAME OF SCHOOL**: University of Houston-Park
18. **AREA CODE/TELEPHONE NUMBER**: (713) 749-1195
19. **SCHOOL CODE**: 003652
20. **ADDRESS**: 4800 Calhoun - Rm 31E Cullen, Houston, Tx 77204-2160
21. **LOAN PERIOD**: Fr 8-26-91 To 5-16-92
22. **GRAD DATE**: 5/95
23. **GRADE LEVEL**: 10
24. **DEPENDENCY STATUS**: ☒ Independent
25. **EST COST OF EDUCATION FOR LOAN PERIOD**: $11,185
26. **EST FINANCIAL AID FOR LOAN PERIOD**: $7025
27. **SUPPLEMENTAL LOAN ELIGIBILITY**: $4000
28. **FOR SCHOOL USE ONLY**:
29. **IRREGULAR DISBURSEMENT AUTHORIZATION**: ☐ YES
30. **SPECIFIED DISBURSEMENT DATES AND AMOUNTS**: 1. 10/30/91 $2000   2. 1-2-92 $2000
31. **DEFERMENT CERTIFICATION**: ☒ FULL TIME STUDY Until Mo 5 Yr 95
32. **SIGNATURE OF FINANCIAL AID ADMINISTRATOR**: X [signature]
33. **PRINTED NAME/TITLE**: Ralph Penny, Fin. Aid Coord.
34. **DATE SIGNED**: 10/29/91
35. **APPLICATION TRANSMITTED (NC?)**: ☒ YES

## SECTION IV: Lender Application for Guarantee (to be completed by the Lender)

36. **NAME OF LENDER**: 
37. **LENDER CODE**: 831420
38. **TEXAS COMMERCE BANK HOUSTON 01**
39. **CITY, STATE, ZIP CODE**:
40. **AREA CODE/TELEPHONE NUMBER**:
41. **APPROVED LOAN AMOUNT**: $4000
42. **SIGNATURE OF LENDING OFFICIAL**: X Ramiro Torres
43. **PRINTED NAME/TITLE**:
44. **DATE SIGNED**: 11/4/91

THIS FORM PREPARED BY THE TEXAS GUARANTEED STUDENT LOAN CORPORATION, AUSTIN, TEXAS    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

**Lender Copy**

# SLS Promissory Note (continued)

## A. Repayment

I will repay the amount due on this Promissory Note in periodic installments except when permitted to postpone my payments through authorized deferments or forbearances.

## B. Interest

I agree to pay simple interest on the principal I borrow from the date you advance the loan.

My interest rate will be a variable rate, adjusted annually, which cannot exceed 12%. The variable rate will be determined by the Secretary of the United States Department of Education in accordance with the Higher Education Act of 1965, as amended. The rate may change each July 1 and applies to the twelve month period beginning on that date. The variable rate in effect for the beginning of my loan will be disclosed on my Disclosure Statement.

You may capitalize (add to principal) any interest due between disbursements or during authorized periods of deferment or forbearance. If I become delinquent on any interest due and fail to resolve the delinquency after written notification, I agree that you may capitalize (add to principal) the unpaid delinquent interest and any future interest that accrues during the remainder of the period between disbursements or the deferment or forbearance. This may occur no more often than permitted by regulation or law.

## C. Guarantee fee

I agree to pay a guarantee fee, if required, to you for the Texas Guaranteed Student Loan Corporation's insurance coverage (guarantee) on this loan.

This fee may not exceed amounts authorized by Federal law. It will be deducted proportionately from each disbursement of my loan and forwarded to TGSLC by you. The exact amount(s) that I will be charged for this fee will be stated on my Disclosure Statement. I am entitled to a refund of the guarantee fee paid if I return my loan check uncashed or pay back this note in full within 120 days of disbursement.

## D. Collection costs

If I fail to make a payment on time, you may collect from me all charges and other fees, including attorney's fees, that are permitted by federal laws and regulations for the collection of my loan.

If my loan is referred to a collection agency that is subject to the Fair Debt Collection Practices Act, you may collect from me those collection costs which do not exceed 25 percent of the money I still owe on my loan.

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

## E. Late charges

You may collect from me a late charge of up to six percent (6%) of each late installment or the maximum amount permitted by state law if I fail to make a payment within ten days of when it is due, or if I fail to provide the forms required to prove that I am eligible for deferment within that period of time.

## F. Default

I default on this loan if I fail to make a loan payment within 180 days of when it is due, or if I receive and keep my loan money but fail to enroll in the school named on my application as at least a half-time student during the loan period.

If I default, you may require that I immediately repay the entire amount I still owe on the loan, including interest.

My default will be reported to credit bureaus. This may prevent me from obtaining other credit in the future. I will be notified at least 30 days before my default is reported to credit bureaus. The default will not be reported if I then repay my loan within that period.

### Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct.

■ I expect to be enrolled at least half time for the period of this loan.

■ I am not now in default on any federal education loan and do not owe a refund on any federal education grant or scholarship.

■ The information contained in Sections I and II of this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith.

■ The proceeds of any loan made as a result of this Application will be used for educational expenses for the loan period and school named on this Application. I understand that if they are not, I must immediately repay this loan.

I authorize the school that certified my application or any school that I may attend to provide to the lender that made my loan or any subsequent holder, including the Texas Guaranteed Student Loan Corporation and the U.S. Department of Education or their agents, any refund which may be due to me up to the amount of this loan and any requested information pertinent to this loan (e.g., employment, enrollment status, or current address).

I understand that credit reports on borrowers are not required; however, I authorize my lender to obtain a credit report on me if he/she chooses.

My default will be reported to any school I have attended, am attending, and will attend.

I will no longer be eligible for: Pell Grants, Byrd Scholarships, Supplemental Educational Opportunity Grants, State Student Incentive Grants, College Work-Study, Perkins Loans (formerly NDSL), Stafford, SLS, PLUS, Consolidation, Income Contingent Loans, or deferments. My federal and/or state income tax refunds may be withheld. My wages may be garnished. The renewal of any professional or occupational license I hold may be denied. Any current holder of my loan, or TGSLC may sue me to collect this loan and the costs associated with its collection.

## G. Additional agreements

No provision of this note can be waived or modified except in writing. If any provision of this note is determined to be unenforceable or is prohibited by law, that provision shall be considered ineffective without invalidating the other provisions of the note. Your failure to enforce any terms of this note is not a waiver of your rights.

### School Certification

I hereby certify that the student named in Section I of this application is accepted for enrollment or is enrolled as at least a half time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student is eligible for this loan program based on all applicable provisions of federal law and regulations. I further certify that the disbursement schedule, applicable to the loan applied for and provided by this institution complies with the requirements of the Higher Education Act of 1965, as amended. I further certify that, based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under Title IV student assistance programs identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of the Texas Guaranteed Student Loan Corporation in the administration of this loan. The information provided in Sections I, II, and III and this School Certification is true, complete, and correct to the best of my knowledge and belief.

EXHIBIT B

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 2

Lloyd M. Keyes
Aka: Lloyd Melvin Keyes
47 Kennedy Drive
West Haverstraw, NY 10993
Account No. XXXXX3368

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/31/08.

On or about 05/29/96, the borrower executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $21,184.68 on 09/04/96 and 09/25/96 at a variable rate of interest to be established annually. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 09/30/97. Pursuant to 34 C.F.R. § 685.202(b), a total of $592.02 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $285.24 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $11,122.43 |
| Interest: | $7,805.81 |
| Total debt as of 01/31/08: | $18,928.24 |

Interest accrues on the principal shown here at the current rate of 8.02 percent and a daily rate of $2.44 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087e.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3/19/08

Linda Saadalah
Loan Analyst
Litigation Support

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 2**

Lloyd M. Keyes
Aka: Lloyd Melvin Keyes
47 Kennedy Drive
West Haverstraw, NY 10993
Account No. XXXXX3368

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/31/08.

On or about 10/28/91, the borrower executed promissory note(s) to secure loan(s) of $4,000.00 from Texas Commerce Bank (Houston, TX). This loan was disbursed for $4,000.00 on 01/06/92, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by Texas Guaranteed Student Loan Commission and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 01/12/93, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,671.34 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/16/95, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $145.22 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4,671.34 |
| Interest: | $4,609.16 |
| Total debt as of 01/31/08: | $9,280.50 |

Interest accrues on the principal shown here at the current rate of 8.20 percent and a daily rate of $1.05 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3/19/08

Loan Analyst
Litigation Support

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ROBERT BERNACCHIA, as Guardian of
ANNA AMANDA BERNACCHIA,

                 Plaintiff,                 **Civil Action Number:**

              -against-                 **VERIFIED COMPLAINT**

AETNA,
                 Defendant.

-----------------------------------------------------------x

      Plaintiff, ROBERT BERNACCHIA, as Guardian of ANNA AMANDA BERNACCHIA, by his attorney, DAVID L. TRUEMAN, ESQ., as and for his Complaint, herein alleges the following upon information and belief:

## INTRODUCTION

1. Plaintiff, Robert Bernacchia, was appointed guardian of Anna Amanda Bernacchia, after she suffered a heart attack and subsequent brain damage, which left her in an irreversible vegetative state. As a result, Mrs. Bernacchia has been a resident of Wingate at Beacon, a nursing facility, in which she receives nursing and custodial care. Pursuant to her health insurance coverage provided through her husband's employer, from the time of her injury until March 12, 2007, Aetna had been paying for all medical and treatment services. In a letter dated February 15, 2007 Aetna denied further payment as of March 12, 2007. The denial was appealed and upheld by Aetna in its First Level Appeal determination. The First Level Appeal determination was appealed in a Second Level Appeal, filed with Aetna on November 15, 2007, and supplemented on November 20, 2007. Aetna failed to respond to the Second Level Appeal in a timely manner and, subsequent to inquiries by

1

Mrs. Bernacchia's attorney, responded in a letter dated March 25, 2008 acknowledging it had failed to make a timely Second Level Appeal determination and reversing its March 12, 2007 denial of care. Both Aetna's assertion that the denial was overturned as well as New York Insurance Law § 4904 governing insurers' failures to respond to appeals in a timely manner, mandates that Aetna is obligated to pay for all of Mrs Bernacchia's medical and treatment services from March 12, 2007 until the present and to authorize all further medical and treatment services for Mrs. Bernacchia. Aetna has refused to provide such payment and authorization and Mr. Bernacchia, on behalf of his wife, brings this action for injunctive and declaratory relief.

## PARTIES

2.   At all relevant times herein, Plaintiff, Robert Bernacchia, has been a citizen of the United States and a resident of New York, residing at 162 Spring Valley Road, Beacon, New York.

3.   Mrs. Bernacchia, suffered a heart attack and consequent brain damage leaving her in a permanent vegetative state.

4.   Mrs. Bernacchia currently resides at Wingate at Beacon, a nursing facility, located at 10 Hastings Drive, Beacon, New York. Bernacchia was first admitted on August 9, 2002.

5.   Mr. Bernacchia obtained guardianship over Mrs. Bernacchia on January 24, 2003. (The Order appointing Mr. Bernacchia as Guardian is attached as Exhibit "A.")

6.   At all times relevant hereto, Mr. Bernacchia was a participant in a health benefits insurance plan ("Plan") administered by Mr. Bernacchia's employer, Liberty Lines, as defined by § 28 U.S.C. § 1002(7).

2